UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN MICHAEL CLARCHICK,

      Plaintiff,

                            Case No.12-cv-12937
                            HON. GERSHWIN A. DRAIN

vs.


MICHAEL J. ASTRUE,

      Defendant.

_____/


**ORDER ACCEPTING REPORT AND RECOMMENDATION (#18), OVERRULING PLAINTIFF'S OBJECTIONS (#19), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (# 16), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (# 12), AND DISMISSING PLAINTIFF'S CLAIMS**

## I.    INTRODUCTION

This matter is before the court on the parties' Cross-Motions for Summary Judgment as to Plaintiff Jonathan Clarchick's claim for judicial review of Defendant Commissioner of Social Security's denial of his application for disability insurance benefits and supplemental security income benefits. The matter was referred to Magistrate Judge R. Steven Whalen, who issued a Report and Recommendation on July 23, 2013, recommending that Plaintiff's Motion for Summary Judgment be denied, Defendant Commissioner's Motion for Summary Judgment be granted, and the Commissioner's findings and conclusions be affirmed. For the reasons that follow, the Court ACCEPTS Magistrate Judge Whalen's recommendation.

## II.    ANALYSIS

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636.  This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand.  *See* 42 U.S.C. § 405(g).  Findings of fact by the Commissioner are conclusive if supported by substantial evidence.  *Id.*  The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole."  *Studaway v. Sec'y of Health and Human Servs.*, 815 F. 2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Plaintiff applied for disability insurance benefits and supplemental security income on March 17, 2010, alleging a disability onset date of August 15, 2008.  Plaintiff argues that he cannot work due to Post Traumatic Stress Disorder ("PTSD"), Attention Deficit Hyperactivity Disorder ("ADHD"), a bipolar disorder, psychotrophic drug dependency, and chest pains.  The ALJ determined that although Plaintiff could not perform any of his past relevant work, he could work as a small products assembler and inspector. (Tr. 29). Therefore, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act.

-2-

Upon review of the administrative record, the parties' briefing and the Report and Recommendation, the Court finds that the Magistrate Judge reached the correct conclusion that substantial evidence supported the ALJ's decision.

Plaintiff objects to the Magistrate Judge's affirmation of the Administrative Law Judge's ("ALJ") finding that Plaintiff could perform work within his residual functional capacity ("RFC") assessment without requiring the ALJ to produce evidence supporting the finding or permitting Plaintiff an opportunity to rebut. As an initial matter, Plaintiff's objections basically raise the same arguments contained in his Motion for Summary Judgment. Contrary to Plaintiff's assertion, the Magistrate Judge did not, in effect, reverse the burden of proof as it relates to step five of the five-step sequential analysis as spelled out in *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). The fifth step in *Foster* shifts the burden to the Social Security Commissioner to establish the Plaintiff's ability to do other work once the previous four steps have been met. *See Id.*; *see also* 20 C.F.R. § 404.1520 (a) (4) (i) - (v).  The Magistrate Judge correctly found that it was appropriate for the ALJ to rely on the vocational expert's ("VE") testimony given the complexity of the case at bar, and given that the VE was able to tailor the findings specifically to the Plaintiff based on Plaintiff's RFC. *See Benlich v. Commissioner*, Case No. 1:09-cv-413, 2010 U.S. Dist. LEXIS 17694, at * 7-9 (E.D. Mich. Feb. 3, 2010); *see also,* Dkt. No. 18, pg. 14.

Plaintiff's next objection is that the Magistrate Judge overlooked the ALJ's acceptance of the VE's testimony stating that Plaintiff could perform certain jobs without providing the ALJ with the job codes from the Dictionary of Occupational Titles ("DOT") that would confirm the VE testified accurately regarding the proposed jobs. The Sixth Circuit is unequivocal in its finding that a VE's testimony that identifies specific jobs available in the regional economy that an individual

-3-

with a plaintiff's limitations could perform can constitute substantially evidence supporting a fifth-step analysis that the plaintiff could perform other work and is therefore not disabled. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 549 (6th Cir. 2004). Furthermore, as the Magistrate Judge correctly stated, "SSR– 4p 'imposes an affirmative duty on ALJ's to ask VE's if the evidence that they have provided conflicts with the information provided in the DOT.'" (internal citations omitted) *Lindsley v. Comm'r of Soc*. Sec., 560 F.3d 601, 606 (6th Cir. 2009) (citing SSR 00 – 4p, 2000 SSR LEXIS 8 *4.) The Court is in complete agreement with the Magistrate Judge's analysis, and is not inclined to add anything further.

Plaintiff next argues that the VE's representations as to jobs Plaintiff could perform were presented in a manner that did not allow Plaintiff enough time to formulate a cross examination to corroborate the VE's testimony with the DOT or any reference. Plaintiff's counsel then poses the following questions to the Court, "What could the basis for such cross-examination be? . . . How then can counsel [due to the court's tight scheduling of cases] possibly conduct meaningful cross-examination?"  As the Magistrate Judge correctly noted in his Report and Recommendation, Plaintiff's counsel did not request the job codes for the VE's job findings, nor did Plaintiff's attorney cross-examine the VE. Both of the aforementioned actions summarily answer the questions posed by counsel. The Court finds it disingenuous for counsel to assert his failure to cross-examine or request job codes was due to purported time constraints and his choice to not ask the VE any questions. *Lindsley*, 560 F.3d at 606

Again, Plaintiff's argument directs the Court to review the testimony given by the VE. Plaintiff alleges that the Magistrate Judge erroneously held that the ALJ could assume the VE tailored her testimony to a job description in direct conflict with the RFC; thus, leaving it up to

Plaintiff to uncover any discrepancies. Here, Plaintiff's conclusory assertion is unpersuasive, especially when considered in light of the Magistrate Judge's thorough analysis. *See* Dkt. No. 18, pg. 14-15. The ALJ was within her authority to rely on the VE's testimony regarding Plaintiff's individual RFC. *Beinlich v. Comm'r*, 345 Fed. Appx. 163, 166 (6th Cir. 2009). The lack of DOT job codes does not undermine the substantial evidence in support of the ALJ's decision. Thus, substantial evidence supports the ALJ's conclusion that Plaintiff did not have a severe impairment stemming from his mental health issues.

Therefore, based on the foregoing reasons, the Court overrules Plaintiff's objections and ACCEPTS the Magistrate Judge's recommendation to affirm the decision of the Commissioner under 42 U.S.C. § 405(g).

## III.   CONCLUSION

Accordingly, Plaintiff's objections are OVERRULED. Consistent with the analysis herein, the court hereby ACCEPTS Magistrate Judge Steve Whalen's July 23, 2013, Report and Recommendation, GRANTS Defendant Commissioner's Motion for Summary Judgment [#16], DENIES Plaintiff's Motion for Summary Judgment [#12] and DISMISSES Plaintiff's Complaint with prejudice.

SO ORDERED.

Dated:  September 9, 2013

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
September 9, 2013, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk